## In re PRENTICE et al.

(Supreme Court, Appellate Division, Second Department.　February 14, 1913.)

PLEADING (§ 258*)—AMENDMENT—LACHES.

　　Where attorneys asserted a lien for fees, and were adjudicated a certain sum by default, which was subsequently opened as a favor, and an answer filed, and the matter sent to a referee, the court did not err in refusing to allow an amendment of the answer, three years later, to set up limitations, laches, and negligence, which could have been set up when the answer was filed, where no sufficient excuse is offered.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 765–782; Dec. Dig. § 258.*]

Appeal from Special Term, Nassau County.

Petition by William P. Prentice and another, attorneys for Richard Sandiford, to enforce liens. From an order denying a motion by Sandiford to file an amended answer, he appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Nicholas W. Hacker, of New York City, for appellant.

Thomas G. Flaherty, of New York City, for respondent.

WOODWARD, J.　The petition shows that many years ago the appellant retained the respondents, attorneys, for the purpose of getting title to and defending the possession of certain real estate in the town of Hempstead; that the litigations growing out of this retainer were conducted by the petitioners, and generally with success, resulting in vesting in the appellant property to the value of approximately $100,000. The petitioners asserted a lien against the property secured by the appellant through their efforts, which resulted in an adjudication by default for the sum of $15,258.96, with interest, bringing the amount up to about $20,000. Subsequently this default was opened, but it was provided in the order opening the default that the order adjudicating the amount, being the order of November 23, 1908, should be—

"permitted to stand as security for the performance of such final order as may hereafter be entered herein, but all proceedings under the said order are hereby stayed."

The order further provided that the appellant be permitted to serve and file his answer as "verified on the 31st day of October, 1908," and that the matter be referred to Robert F. Randall, to take testimony as to the value of the services rendered by the petitioners, and to report to the court. Thereafter Sandiford served his answer. Three years and a half after serving this answer, Sandiford now asks the court for permission to amend his answer, and to set up the defenses of the statute of limitations, laches on the part of the petitioners, and negligence.

We agree with the learned court at Special Term that this is not a case for amendment. All of the matters which the appellant now

seeks to set up by way of defense were equally available to him at the time of putting in the original answer, and no sufficient excuse is offered for not including them. Moreover, the appellant was in default. That default was opened as a favor to the appellant, and he has accepted the favor. The answer was put in, the matter sent to a referee, and it would be an act of bad faith at this time to change the conditions of the order granting the favor.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.